# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 5:07-cr-91 (HL) |
| | : | |
| BENJAMIN F. COLBERT, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Defendant, Benjamin F. Colbert, has filed a Motion for Bond Pending Appeal to Stay Reporting for his Sentence (Doc. 31). The Court denies the Motion. In accordance with Federal Rule of Appellate Procedure 9(b) and the decision rendered in In re Smith, 823 F.2d 401 (11th Cir. 1987), this Court hereby enters the following written statement of reasons.

Except in certain limited circumstances, 18 U.S.C. § 3143 requires the detention of a person who has been found guilty of an offense and sentenced to a term of imprisonment and who has filed an appeal. Thus, before a defendant can be released on bond pending an appeal, the Court must find

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

The Court finds that the appeal is not for the purpose of delay and also finds that Colbert is not likely to flee or pose a danger to the safety of the community. Colbert entered a plea of guilty. Thus, the only issue presented by Colbert's appeal which implicates the

requirements of 18 U.S.C. § 3143(b)(B) is whether it raises a substantial question of law or fact likely to result in either a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process; the Court finds that it does not.

Colbert has made no showing that an appeal is likely to result in a sentence that does not include a term of imprisonment. Furthermore, the sentencing guideline range for Colbert's offense is 10-16 months. It is reasonable to expect that appellate review of Colbert's sentence will be completed within that time period. Thus, Colbert's appeal, even if successful, is not likely to result in a reduced sentence to a term of imprisonment less than the total of the of the time already served plus the expected duration of the appeal. Moreover, the Court has reviewed the term of imprisonment imposed and continues to be of the opinion it was reasonable in light of the circumstances of the case. As explained by the Court at the sentencing hearing held on April 10, 2008, the sentence imposed was justified by the fact that Colbert unlawfully obtained employment benefits for a period of more than two years, and he continued to receive those benefits even after he was indicted and even after he agreed to cease the benefits.

In moving for release pending appeal, a defendant carries the burden of persuading the Court that he meets the statutory conditions for release. *See, e.g.,* United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985). Colbert has failed to make the necessary showing here. Accordingly, Defendant's Motion for Bond Pending Appeal is denied.

**SO ORDERED**, this the 17th day of September, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**