IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BENJAMIN F. COLBERT, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:09-CV-90050 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:07-CR-91 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

**Procedural History .** Petitioner Colbert was indicted in this court on September 21, 2007, and charged with Fraud To Gain Federal Employee Compensation in violation of 18 U.S.C.§ 1920 in Count 1, and Mail Fraud in Counts 2 - 31 in violation of 18 U.S.C.§ 1341.  (Doc. 1).  On January 11, 2008, Petitioner Colbert entered into a written Plea Agreement with the Government and pled guilty to Count 1 of the Indictment, with the Government dismissing Counts 2-31.  (Doc. 15, 16). His sentence of 30 months imprisonment was entered of record and became the Judgment of the court on April 15, 2008.  (Doc. 23).  Colbert appealed his conviction and sentence on April 23, 2008 (Doc. 25), and the United States Court of Appeals for the Eleventh Circuit affirmed the district court and rendered a final Judgment of Conviction on January 7, 2009.  (Doc. 50).  Petitioner Colbert then timely filed, on April 20, 2009, the Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 presently under consideration. (Doc. 52).

**Petitioner's § 2255 Claims**

As **Ground One** of his Motion, Petitioner Colbert asserts:

> Misunderstanding of the nature of the charge and consequences of the guilty plea.
> Supporting FACTS: I understood that the Plea Agreement was a contractually binding document that was agreed upon by my attorney, the District Attorney, and the Probation Officer. I signed the Plea Agreement because the sentence (10-16 months) guideline range would most likely get me home before my daughter's graduation in late May 2009. I thought that the Plea Agreement was an exchange for not costing the Government the time and money of a trial.

(Doc. 52 at 4). The record reflects that at arraignment on October 9, 2007, Petitioner Colbert received a written Notice Of Estimated Sentencing Guideline Range ... And Acknowledgment Of Defendant (Doc. 6), which stated that :

> Based upon information furnished to the U.S. Probation Office by the United States Attorney, the ESTIMATED guideline range in this case is **18** MONTHS TO **24** MONTHS TO BE SERVED IN PRISON.

(Doc. 6 at 1). Petitioner Colbert further acknowledged upon receiving the Estimated Sentencing Guideline Range that he understood that the guideline range stated was an estimate only, advisory only, and subject to change. *Id.* at 2.

The Plea Agreement (Doc. 16), which Petitioner Colbert entered into with the Government by signing the same, under acknowledgment that he had read it and had had his attorney read it to him, had discussed it with his attorney and fully understood it, and had agreed to its terms, at Section (3) provided:

> Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

2

> (A) The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment which charges defendant with False Statement to Obtain Federal Employee's Compensation, in violation of Title 18, United States Code, Section 1920.
>
> (B) That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A) above, will subject defendant to a maximum sentence of five (5) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of three (3) years. ...
>
> (C) The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office. ...
>
> ...
>
> (E) Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

*Id.* at 3, 4. Petitioner's Plea Agreement also contained at Sections (5) and (6) on pages 8 and 9, thereof, the following:

> Nothing herein limits the sentencing discretion of the Court. This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Contrary to the first sentence of Petitioner's Ground Two, that, "Petitioner was sentenced to 10- 16 months per plea agreement," there is no mention whatsoever in the Plea Agreement of any guideline sentencing range. Petitioner's signed Plea Agreement (each page of which he also initialed)

3

belies every element of his Ground One contention that he did not understand the nature of the charge and the consequences of the guilty plea. He acknowledges that he could have been sentenced to as much as five (5) years, or 60 months imprisonment, rather than the 30 months to which he was actually sentenced. There is no merit in Petitioner's Ground One claim.

Inasmuch as the 30 month sentence, which the court in its discretion actually issued, was beyond the calculated advisory guideline sentencing range found from the PreSentence Investigation Report (PSI), Petitioner Colbert was released from his waiver of appeal contained in Section (3)(H) of the Plea Agreement, and did in fact appeal his conviction and sentence.

In his **Ground Two,** Petitioner Colbert claims that:

> Petitioner was sentenced to 30 months by the Court.
> Supporting FACTS: A significant departure or variance requires greater articulation as to the factors sighted. Only one factor cited as reason to depart/vary was improportional to the degree of departure/variance and not compelling enough factor, considering other factors and petitioner's one instance of aberrant behavior or conduct and an otherwise exemplary life.

(Doc. 52 at 4). Petitioner Colbert adds related claims, as his **Ground Three,** that, "No prior notice that the Court was contemplating an upward departure or that he was going to ignore the Plea Agreement or do a variance on this case, " and, as his **Ground Four,** that because he had no prior convictions a disparity in sentencing occurred. *Id* at 4, 5.

Both of these claims were raised and decided adversely to Petitioner Colbert on direct appeal. The United States Court of Appeals for the Eleventh Circuit ruled:

> We first reject Colbert's contention that his 30-month sentence was unreasonable because the district court ignored substantial mitigating factors (including his physical and mental impairments, lack of criminal history, prior work record, limited financial resources, and serious stress caused by his employment for the United States Postal

4

> Service), and postponed his ability to make substantial payments toward restitution. ... We similarly reject Colbert's claim that the district court erred in failing to give him notice of its intent to deviate form the Guideline range.

(Doc. 50 at 4, 5). The Court recounted the substantiating evidence in the record that the district court had properly considered all of the statutory sentencing factors and imposed an "eminently reasonable" sentence. *Id.* at 5. Moreover, the Court noted that the law was contrary to Petitioner's lack of notice complaint, stating:

> The Supreme Court has squarely held that when a district court imposes a sentence above the advisory Guidelines range based on the § 3553(a) factors, it is unnecessary to provided defendants with advance notice under Federal Rule of Criminal Procedure 32(h). *Irizarry v. United States,* 553 U.S. \_\_\_, 128 S.Ct. 2198, 2202-03 (2008).

*Id.* at 5.

Finally, Petitioner Colbert raises a claim of ineffective assistance of counsel as his **Ground Five,** stating that:

> [Counsel was ineffective for] not requesting a continuance when the court allowed my past supervisor to speak at my sentencing. There was not any paperwork to verify what was said because it was not true. She said negative things about me because I was the shop steward for the NALC (National Association of Letter Carriers). Upon appeal, it was said that I didn't request a continuance. I never knew that I could. I paid my lawyer all of my money and expected that she would do all that was needed.

*Id.* at 7. Colbert had raised as an issue on direct appeal that he was given no notice that his supervisor would testify in his case, which deprived him of the opportunity to produce evidence of his prior work relationship with his supervisor and the management practices at the Postal Service. The United States Court of Appeals for the Eleventh Circuit held:

5

> Even assuming that the district court erred in failing to notify Colbert that his supervisor would testify, we conclude that the error was harmless beyond a reasonable doubt. (Citation omitted). His supervisor's testimony – which amounted to less than one page of the hearing transcript – addressed the issues of Colbert's conduct and workplace attitude. But Colbert had presented evidence regarding these issues even before his supervisor testified, as part of his contention that the Postal Service's abusive management practices should be considered a mitigating factor in determining his punishment. Indeed, Colbert produced character witnesses who specifically commended his work ethic. Moreover, Colbert could have easily requested a continuance at the sentencing but did not do so.

*Id.* at 6, 7.   Petitioner Colbert does not raise exactly the same issue here that he raised on direct appeal to the United States Court of Appeals for the Eleventh Circuit. The issue here is whether Petitioner Colbert's counsel was ineffective for not seeking a continuance when Petitioner's supervisor was allowed to testify. The question becomes whether there was reason to request a continuance; to what purpose should counsel have sought a continuance on this occasion; and whether counsel's failure to request such a continuance changed the outcome of the case. As the Appellate Court noted, counsel had already proffered evidence in contradiction to the supervisor's testimony. So, he may not have needed to request a continuance for the purpose of obtaining evidence to rebut the supervisor's testimony. Gathering more evidence to the same effect would have been commutative evidence at best, with no guarantee that the district court would have given the supervisor's testimony any less weight than it did, if it gave it any. There is no evidence of record that the district court gave any of this testimony any weight in its sentence decision.

### **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that

6

he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a strong presumption that the challenged action constituted sound trial strategy. *Chatelain v. Singletary*, 89 F.3d 749 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Poyck v. Florida Department of Corrections*, 290 F.3d 1318 (11th Cir. 2002). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have been different. *Meeks v. Moore*, 216 F.3d 951 (11th Cir. 2000); and *Mills v. Singletary*, 63 F.3d 999 (11th Cir. 1995). If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the Strickland test. *Holiday v. Haley*, 209 F.3d 1243 (11th Cir. 2000).

Petitioner Colbert has not suggested that his case would have had a different result had his counsel moved the court for a continuance after Petitioner's supervisor testified regarding his work attitude. Counsel had placed into the evidence "character witnesses who specifically commended" Petitioner's work ethic. (Doc. 50 at 5). The burden is upon the Petitioner to show that the outcome of his case would have been different, but for his counsel's decision not to seek additional testimony to rebut the evidence of Petitioner's work attitude. Petitioner Colbert cannot meet either prong of the *Strickland* test for ineffective assistance of counsel. He cannot show that his counsel was deficient or that any deficiency was prejudicial to his case.

All of Petitioner's other claims were raised and determined adversely to him on direct appeal,

as shown above, and may not be relitigated here. The Eleventh Circuit Court of Appeals held in

*United States v. Nyhuis,* 211 F.3d 1340, 1343(11th Cir. 2000):

> The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowa,* 663 F.2d 1034, 1035 (11th Cir. 1981). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255." *United States v Natelli,* 553 F.2d 5, 7 (2nd Cir. 1997).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED as failing to state a claim upon which this court might grant relief. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 22nd day of April 2009.

        **S/ G. MALLON FAIRCLOTH**
        **UNITED STATES MAGISTRATE JUDGE**